UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR GERMAN-REYES,

Petitioner,

v.

WARDEN, FCI MENDOTA,

Respondent.

No. 1:25-cv-00742-SKO (HC)

**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

**[TWENTY-ONE DAY DEADLINE]**

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 18, 2025, Petitioner filed the instant petition in this Court. Petitioner is in the custody of the Bureau of Prisons ("BOP") at FCI-Mendota. He challenges the computation of his federal sentence by the BOP. He claims the BOP wrongfully found him ineligible to receive earned time credits under the First Step Act because of a detainer. The petition is unexhausted. Therefore, the Court will recommend the petition be DISMISSED without prejudice.

**DISCUSSION**

**I. Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v.

Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

Petitioner concedes he has not administratively exhausted his claims, but contends exhaustion should be waived for futility because he is challenging an established BOP policy. Petitioner alleges the BOP found him ineligible to earn First Step Act ("FSA") time credits solely because ICE has lodged a detainer reflecting only that removal proceedings are pending. (Doc. 1 at 21.) Although he claims he is not subject to a final order of removal, the attached FSA Time Credit Assessment states that a deportation order has been issued. (Doc. 1 at 23.)

Before November 18, 2022, the BOP took the position that inmates with detainers were ineligible for FSA credits. On November 18, 2022, the BOP issued Program Statement 5410.01 modifying its procedures to allow inmates with detainers to earn FSA credits; the inmates could not have those credits applied until the detainers were resolved. U.S. Dep't of Justice, Federal Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Nov. 18, 2022),

https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

On February 6, 2023, the BOP issued a change notice to the program statement in which the BOP deleted the requirement that inmates have no detainers to have FSA credits applied to their sentence. U.S. Dep't of Justice, Federal Bureau of Prisons, Change Notice to Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf. Thus, Petitioner is not barred pursuant to BOP policy from earning FSA credits and having them applied to his sentence due solely to a detainer.

The exhaustion requirement "is not lightly to be disregarded." Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). Here, the exhaustion requirement should not be excused because Petitioner has deliberately bypassed the administrative scheme, and permitting the petition to go forward would only encourage further deliberate bypass of the administrative process.

As noted above, the BOP has clarified its position that inmates with detainers are eligible to earn FSA time credits and have them applied to their sentence. The question here is not a "purely legal one" as Petitioner maintains (Doc. 1 at 14); it is a factual one. Petitioner claims the immigration detainer shows only that ongoing removal proceedings are pending. (Doc 1 at 21.)

The immigration detainer is dated May 14, 2018. On the other hand, the FSA Time Credit Assessment reflects the existence of a detainer "with deportation order." (Doc. 1 at 23.) The document further reflects the order was dated October 4, 2018. Thus, it is likely removal proceedings were ongoing as of May 14, 2018, and a removal order was issued thereafter on October 4, 2018. This factual discrepancy is why Petitioner should have been presented his claims administratively prior to seeking federal court intervention. For this reason, the Court does not find that pursuing administrative remedies would be futile. The Court finds the petition should be dismissed for failure to exhaust administrative remedies.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust administrative remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **June 24, 2025**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE