UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GERMAN-REYES,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FCI MENDOTA,<br><br>    Respondent. | No. 1:25-cv-00742-JLT-SKO (HC)<br><br>**ORDER STAYING FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 5]**<br><br>**ORDER DIRECTING CLERK OF COURT TO SERVE COPY OF THE PETITION [Doc. 1] AND THIS ORDER ON RESPONDENT**<br><br>**ORDER DIRECTING RESPONDENT TO FILE COPY OF DEPORTATION ORDER OR RESPOND TO THE PETITION** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 18, 2025, Petitioner filed the instant petition in this Court. Petitioner is in the custody of the Bureau of Prisons ("BOP") at FCI-Mendota. He challenges the computation of his federal sentence by the BOP. He claims the BOP wrongfully found him ineligible to receive earned time credits under the First Step Act because of a detainer.

On June 25, 2025, the Court issued a Findings and Recommendation to dismiss the petition for failure to exhaust administrative remedies. (Doc. 5.) Petitioner acknowledged that he had not administratively exhausted his claims but argued that exhaustion would be futile. Upon

1

1  review of the documents submitted by Petitioner, the Court noted certain factual discrepancies
2  therein.  On one hand, the immigration detainer was dated May 14, 2018, and it indicated that
3  removal proceedings were ongoing. (Doc. 1 at 21.) On the other hand, the FSA Time Credit
4  Assessment reflected the existence of a detainer "with deportation order." (Doc. 1 at 23.) The
5  document further reflected the order was dated October 4, 2018. Thus, the Court concluded that it
6  was likely that removal proceedings were proceeding as of May 14, 2018, and a removal order
7  was issued on October 4, 2018. The Court found that this factual discrepancy could have been
8  resolved had Petitioner properly sought administrative relief prior to filing the instant case.

9  On July 11, 2025, Petitioner filed objections. (Doc. 7.) Petitioner states he only just
10 received the May 14, 2018, Notice of Action Detainer in June of 2025, after he requested a copy
11 of the removal order. He avers that no removal order issued on October 4, 2018, and no such final
12 order of removal has been issued to date. He further claims that BOP staff would not take his BP-
13 8 request for administrative relief. Given these allegations, the Court will stay the Findings and
14 Recommendations and direct Respondent to file a copy of the Final Order of Removal, or in the
15 alternative, file an answer to the petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Findings and Recommendations of June 25, 2025, (Doc. 5), are STAYED;
2) Respondent is DIRECTED to file a copy of the deportation order within thirty (30) days of the date of service of this order. If no deportation order exists, Respondent is DIRECTED to file an answer to the petition within thirty (30) days of the date of service of this order.
3) In the event Respondent files an answer rather than provide a copy of the deportation order, Petitioner MAY FILE a traverse within thirty (30) days after the answer is filed.

IT IS SO ORDERED.

Dated:   **July 14, 2025**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28