# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GERMAN-REYES,<br><br>   Petitioner,<br><br>  v.<br><br><br>WARDEN, FCI-MENDOTA,<br><br>   Respondent. | Case No.: 1:25-cv-00742-JLT-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>[21-DAY OBJECTION PERIOD] |

  Petitioner was formerly a federal prisoner serving a federal term of imprisonment pursuant to a 2018 judgment of the U.S. District Court for the District of Minnesota. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 18, 2025, challenging the Bureau of Prisons' ("BOP") determination that he was ineligible for First Step Act credits due to an immigration detainer. (Doc. 1.) On August 14, 2025, Respondent filed a motion to dismiss the petition as moot, claiming Petitioner was no longer in BOP custody. (Doc. 10.) Petitioner did not file an opposition. As discussed below, the Court will recommend that the motion be granted and the petition be dismissed.

## DISCUSSION

I.  <u>Procedural Grounds for Motion to Dismiss</u>

  Respondent has filed a motion to dismiss the petition as moot. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of

1

the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In the motion to dismiss, Respondent contend the petition and its claims are moot. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.   Mootness

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Petitioner claimed the BOP wrongly determined he was ineligible for application of First Step Act time credits because he was not subject to an immigration detainer. On June 25, 2025, the Court issued Findings and Recommendations to dismiss the petition for failure to exhaust administrative remedies, finding that the factual discrepancies in the documents submitted by Petitioner should have

been presented first to the BOP, because in all likelihood, the discrepancies pointed to the fact that a detainer did exist. (Doc. 5.)

On July 11, 2025, Petitioner filed objections, claiming no such detainer existed at the various dates mentioned, or since that time. (Doc. 7.) On July 14, 2025, the Court issued an order staying the Findings and Recommendation and directing Respondent to respond to Petitioner's claim of the absence of any immigration detainer. (Doc. 8.) On August 14, 2025, Respondent filed the instant motion to dismiss for mootness. (Doc. 10.)

Respondent submits Petitioner was released from BOP custody to Immigration and Customs Enforcement ("ICE") custody on July 28, 2025, pursuant to an immigration detainer. As offer of proof, Respondent has provided a copy of an Immigration Detainer – Notice of Action, as well as Petitioner's Inmate History, which shows Petitioner was released from BOP custody on July 28, 2025. (Doc. 10-1 at 7-13.)

In light of the foregoing, there is no further relief this Court can provide Petitioner and the petition is now moot. It is therefore recommended that Respondent's motion to dismiss be granted.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. 10) be GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED as moot; and

3. The Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible,

or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **September 19, 2025**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE

4