# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GERMAN-REYES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI-MENDOTA,<br><br>Respondent. | No. 1:25-cv-00742 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 11)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 10), DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Hector German-Reyes is a former federal prisoner who served a term of imprisonment pursuant to a 2018 judgment of the United States District Court for the District of Minnesota. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 18, 2025, challenging the Bureau of Prisons' determination that he was ineligible for First Step Act time credits due to an immigration detainer. (Doc. 1.) On August 14, 2025, Respondent filed a motion to dismiss the petition as moot, claiming Petitioner was no longer in BOP custody. (Doc. 10.) Petitioner did not file an opposition.

On September 22, 2025, the assigned Magistrate Judge issued findings and recommendations to grant Respondent's motion to dismiss. (Doc. 11.) The Court served the findings and recommendations on the parties and notified them that any objections were due within 21 days. (Doc. 11.) The Court advised the parties that the "failure to file objections within

1

the specified time may result in the waiver of rights on appeal." (*Id*., citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) No party filed objections, and the time to do so has passed. Notably, the findings and recommendations served on Petitioner were returned as undeliverable indicating Petitioner was no longer at the address.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).] Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on September 22, 2025, (Doc. 11), are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 10), is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
4. The Clerk of Court is directed to enter judgment and close the case.
5. In the event a notice of appeal is filed, no certificate of appealability is required.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **November 14, 2025**

UNITED STATES DISTRICT JUDGE